UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JUDY INOK KIM,                                                                  No. 09-13736

                     Debtor(s).
_____/

Memorandum After Confirmation Hearing
_____

     Along with her sister and brother-in-law, Kim owns a 16,800 square foot commercial building at 299 Campus Court, Fairfield, California. The senior deed of trust holder on the Fairfield property, BMR Funding, LLC, also holds a junior deed of trust on the Kim's residence at 4000 Jameson Canyon Rd., American Canyon, California, securing the same debt. The obligation is now all due and payable, and Kim is unable to refinance. The Chapter 11 plan of debtor Judy Kim is now before the court. It provides for monthly payments to BMR over the next 30 years. BMR objects.

     Kim's plan calls for writing down BMR's lien to the value of the Fairfield property and amortizing the debt over 30 years at a market rate of interest. BMR has raised numerous technical and procedural objections which appear either to have no merit at all or to be easily resolved. However, the linchpin of the plan is rental income to be generated by the Fairfield property. In the six years Kim has owned the property, she has never been able to generate anything like the income necessary to make the payments called for by her plan. The property was vacant when Kim filed her Chapter 11 petition. The best she can offer at this time is a month-to-month tenant for only a portion of the

1

premises who may be operating its business illegally and has received a letter from the City of Fairfield stating that its business license is revoked. She has not met her burden of showing that her plan is feasible and will not result in liquidation as required by § 1129(a)(11) of the Bankruptcy Code.

In addition, Kim has not demonstrated that the plan is fair and equitable as to BMR, as required by § 1129(b)(1) of the Code. BMR's note is now all due and payable, yet under the plan it would not be paid in full for the next 30 years. The plan shifts the risk of further loss if the current economic crisis deepens - a distinct possibility for commercial real estate - from Kim to BMR. A plan of reorganization may not unfairly shift the risk of failure to the secured creditor. *In re Monarch Beach Venture, Ltd.*, 166 B.R. 428, 436 (C.D.Cal.1993); *In re Consul Rest. Corp.*, 146 B.R. 979 (Bankr.D.Minn.1992); *In re Miami Center Assocs. Ltd.*, 144 B.R. 937 (Bankr.S.D.Fla.1992). The court cannot conceive of an interest rate which would properly compensate BMR for bearing this risk, let alone a rate Kim can afford to pay.

For the foregoing reasons, the court will deny confirmation of Kim's plan. Counsel for BMR shall submit an appropriate form of order.

Dated: July 19, 2010

---
Alan Jaroslovsky
U.S. Bankruptcy Judge

2