UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JUDY INOK KIM,  No. 09-13736

                Debtor(s).
_____/

Memorandum After Second Confirmation Hearing
_____

       Along with her sister and brother-in-law, Kim owns a 16,800 square foot commercial building at 299 Campus Court, Fairfield, California. The senior deed of trust holder on the Fairfield property, BMR Funding, LLC, also holds a junior deed of trust on the Kim's residence at 4000 Jameson Canyon Rd., American Canyon, California, securing the same debt. The obligation came due in 2009, and Kim is unable to refinance.

       The court rejected Kim's original plan out of hand. It provided for writing down BMR's lien to the value of the properties and amortizing the debt over 30 years at a market rate of interest. The court found that the 30-year term was unfair and the plan was not feasible because Kim had historically been unable to generate rental income from the Fairfield property and the sole tenant she produced appeared to the court to be irresponsible and had committed to only a month-to- month tenancy.

       In response to the court's ruling, Kim's relatives have stepped forward to help her. Kim's niece, who is a practicing physician, has agreed to move her practice to Kim's Fairfield property and other relatives have agreed to pay for the tenant improvements. Kim has leased out her home. She has

1

amended her plan to call for a full payment to BMR in five years instead of 30 years. Kim's niece has committed to a five year lease.

The feasibility issue has been addressed by Kim's niece. The fairness issue has been addressed by the reduction of the term of the plan from 30 years to 5 years and the provision that BMR may proceed to foreclosure if there is a default in monthly payments to it. The unsecured creditors are impaired and have accepted the plan, and all of the other requirements of § 1129(a) have been met. The sole remaining issue is the proper rate of interest on the secured portion of BMR's claim.

The primary risk factors for BMR are that in five years, when the properties are to be sold or refinanced to pay off the debt, the property values will be insufficient to accomplish payment in full and may have in fact declined. These are very real risks. They do not mean, however, that the plan cannot be confirmed. Rather, they mean that the court can confirm plan only if the interest rate is sufficient to make the plan fair and equitable to BMR notwithstanding the risk.

The plan as now constituted does not state an interest rate. It provides that BMR will be paid a "market rate" of interest. The plan defines "market rate" as "the Federal Judgment Rate in effect on the Confirmation Date or such other rate of interest as the Court determines at the time of confirmation."

The court rejects the idea that the federal judgment rate is an appropriate rate of interest. There are big risks for BMR if the plan is confirmed. While rates for commercial loans are at historical lows, there is no way Kim can qualify for such loans. When BMR made its loan in 2004, the economy was in much better shape and the contract rate of interest was six percent. There is no guarantee that the properties will keep their current value, let alone increase in value to the point where refinancing or sale is possible. Even though the prime rate for interest is lower now than it was in 2004, a higher rate of interest is required to make it fair for BMR to bear the risks the plan calls for it to bear.

BMR requests interest at ten percent. While the court finds this somewhat high in light of the low current prime rate, it is much closer to a proper rate than Kim's suggestion of the federal judgment rate. Considering all of the risks, the court believes that an interest rate of 7.5% is necessary to make

2

the plan fair and equitable as to BMR.  If Kim immediately amends her plan to provide for this rate, the plan as amended will be confirmed.  If the plan is not so amended within 7 days of entry of this memorandum, BMR may apply for an order lifting all stays and permitting it to enforce its security interests.

Dated: August 28, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge