UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JUDY INOK KIM,                                                          No. 09-13736

                     Debtor(s).
_____/

Memorandum on Motion for Interpretation of Plan
_____

      Priot to her Chapter 11 filing, debtor Judy Kim owned 16,800 square foot commercial building at 299 Campus Court, Fairfield, California. The senior deed of trust holder on this property, BMR Funding, LLC, also held a junior deed of trust on Kim's residence at 4000 Jameson Canyon Rd., American Canyon, California, securing the same debt. The obligation came due in 2009, and Kim was unable to refinance. This caused her bankruptcy filing.

      Kim's plan of reorganization, which the court confirmed last September over the vigorous objection of BMR, calls for valuation of the two properties. BMR is to receive amortized payments on two notes, one secured by each property. BMR has brought the instant motion for "interpretation" of the plan. BMR contends that sections 5.04 and 5.05 to require it, if it forecloses, to foreclose first on Fairfield Property second on the American Canyon Property if the net proceeds from the sale of the Fairfield Property do not satisfy Kim's debt. Under BMR s view, it has retained its liens and its collateral unaltered, so that, if Kim defaults, it will be able to resort to any or all of its collateral, in the order specified in the Plan, to satisfy Kim s debt.

1

There is no support for BMR's interpretation. The plan is very clear. It provides that BMR's Class 5a claim secured by 299 Campus Court "shall not have a security interest in 4000 Jameson Canyon Road, American Canyon, California." A reciprocal provision says that BMR's Class 5b claim secured by 4000 Jameson Canyon Road " shall not have a security interest in 299 Campus Court, Fairfield, California."

A reorganization plan "resembles a consent decree and therefore, should be construed basically as a contract," with state law controlling its interpretation. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir.1993). Under California law, if a contract is clear and explicit, it governs. *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 833 P.2d 545, 552 (Cal.1992). The court finds no ambiguity in the plan, or anything needing interpretation.

BMR argues that the plan is not fair and plans containing such terms are not confirmable. However, even though BMR raised a litany of objections to confirmation these were not among of them. Now that the plan has been confirmed, BMR is not free to raise new objections in the guise of seeking "interpretation." Moreover, although the plan retains jurisdiction of the court to decide disputes over it, nothing in the plan undoes the Federal Rules of Bankruptcy Procedure. To the extent, as here, BMR seeks declaratory or injunctive relief, it must do so by adversary proceeding pursuant to Rule 7001.

For the foregoing reasons, the motion will be denied. Counsel for Kim shall submit an appropriate form of order.

Dated: January 17, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

2